## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| **IN RE:** | |
| **Western Concrete Pumping, Inc.,** <br> EIN XX-XXX6060 <br> 6275 W. Plano Pkwy., Ste. 500 <br> Plano, TX 75093 | Case No.:    24-40234-BTR <br><br> Chapter:    11; Subchapter V |
| **Debtor.** | |

## ORDER CONFIRMING DEBTOR'S
## CHAPTER 11 PLAN OF REORGANIZATION

On May 23, 2024, the Court conducted a hearing to consider confirmation of Western Concrete Pumping, Inc.'s, ("Western" or the "Debtor") Chapter 11 Plan of Reorganization as amended and supplemented [*see* Dkt. Nos. 135, 201 and 203] (the "Plan").[1] After considering the evidence presented by the Debtor, and after reviewing the Plan, as may have been modified on the record at the hearing, and other pleadings on file and the settlements read into the record (as detailed herein), the Court, pursuant to Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure and Rule 52 of the Federal Rules of Civil Procedure, stated orally and recorded in open court its findings of fact and conclusions of law. Based upon such findings of fact and conclusions of law, which are incorporated herein by reference, the Court finds and concludes that this Order has merit and the Plan should be confirmed.

Accordingly, it is **ORDERED, ADJUDGED,** and **DECREED** that:

1. The Plan is **CONFIRMED** in accordance with sections 1129 and 1191 of Title 11 of the U.S. Code (the "Bankruptcy Code").

---

[1] Defined terms not otherwise defined in this Order shall have the meaning within the Plan.

2. Sufficient and proper notice of the Plan, the hearing to consider confirmation thereof, and the deadlines for voting and filing and serving objections to the Plan was appropriately and timely provided by the Debtor to all known holders of Claims and Interests. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(L).

3. This matter arises under Title 11, and jurisdiction and authority are vested in this Court to enter a final order by virtue of 28 U.S.C. § 1334(a) and (b), 28 U.S.C. §§ 151, 157(a) and (b)(1) and the Standing Order of Reference in this District. These findings of fact and conclusions of law are being entered under Bankruptcy Rules 7052 and 9014.

4. The only objections to confirmation of the Plan were the Objection to Confirmation of Chapter 11 Plan filed by certain Class 6B Tort Plaintiffs [Dkt. No. 194], and the objection of Dallas County, Harris County Emergency Services District #1, Harris County Emergency Services District #24, Hays County Independent School District, Jefferson County and Lone Star College System [Dkt. No. 183] (collectively, the "Tax Authorities") (both objections being, collectively, the "Objections"), which were both resolved before or at the hearing upon terms and conditions read into the record and reflected in the Plan, as amended, and which settlement terms will be incorporated herein by reference (the "Confirmation Resolution").

5. Except as expressly noted otherwise herein, all motions and requests for relief under the Plan and all terms and conditions set forth in the Plan, including, without limitation, the assumptions, rejections, discharges, releases, injunctions, and exculpation provisions contained in the Plan or set forth herein, and the treatment afforded to each Plan Class are approved, regardless of whether such Plan provisions are expressly restated herein.

6. The Plan complies with all of the applicable provisions of the Bankruptcy Code as required by section 1129(a)(1) thereof.

7. The Debtor, as proponent of the Plan, has complied with the applicable provisions of the Bankruptcy Code as required by section 1129(a)(2) thereof.

8. As required by sections 1122 and 1123, the Plan:

    a. designates appropriately, in conformance with section 1122 of the Bankruptcy Code, Classes of Claims and Interests, except Claims of a kind specified in sections 507(a)(2), 507(a)(3), and 507(a)(8) of the Bankruptcy Code;

    b. specifies every Class of Claims or Interests that is not impaired under the Plan;

    c. specifies the treatment of any Class of Claims or Interests that is impaired under the Plan;

    d. provides the same treatment for each Claim or Interest of a particular Class, unless the holder of a particular Claim or Interest agrees to a less favorable treatment of such particular Claim or Interest;

    e. provides adequate means for the Plan's implementation; and

    f. contains only provisions that are consistent with the interests of creditors and equity security holders and with public policy with respect to the manner of selection of any officer or director under the Plan and any successor to such officer or director.

9. The Plan has been proposed in good faith and not by any means forbidden by law as required by section 1129(a)(3) of the Bankruptcy Code, and the Debtor, and its officers, directors, members, employees, professionals, and Representatives and agents are entitled to the benefits of section 1125(e) of the Bankruptcy Code except as provided in the Plan.

10. Any payment made or to be made by the Debtor for services or for costs and expenses in or in connection with the Bankruptcy Case, or in connection with the Plan and incident to the Bankruptcy Case, have been or will be disclosed and have been or will be approved by the Court as reasonable under the terms of the Plan to the extent required by the Plan and section 1129(a)(4) of the Bankruptcy Code, subject to escrowing certain payments and other disgorgement rights as set forth in the Plan.

11. The Debtor has disclosed the identity and affiliations of the individuals who will serve, after confirmation of the Plan, as directors, officers, and/or managers of the Debtor. The continuance or appointment of such individuals to such offices is consistent with the interests of holders of Claims and Interests and with public policy. The Debtor has disclosed the identity of any insider that will be employed or retained by the Debtor and, to the extent so identified, the nature of any compensation for such insider, all as required by section 1129(a)(5).  Charles D. Reed, Jr. and Brett A. Reid, both of whom shall continue to serve as directors and officers of the Debtor, shall retain and be granted all authority to authorize any and all transactions and execute any and all documents on behalf of the Reorganized Debtor, including to effectuate the Plan.

12. The provisions required under section 1129(a)(6) of the Bankruptcy Code are not applicable to the Debtor or the Plan.

13. Each non-accepting holder of a Claim or equity Interest, if any, of each Plan Class will receive or retain under the Plan, on account of such Claim or equity Interest, property of a value, as of the Effective Date, that is not less than the amount that such holder would so receive or retain if the Debtor was liquidated under Chapter 7 of the Bankruptcy Code on such date, all as required by section 1129(a)(7)(A) thereof.

14. The votes with respect to the Plan were set forth in the various confirmation exhibits and are incorporated and adopted herein by reference.

15. With respect to WCP, Classes 2, 6A, Class 6B, Class 6C, and 7 were impaired and Classes 2, 6A, and 7 voted in favor of the Plan. Classes 1, 3, 4A through 4D, and 5 were deemed to vote in favor of the Plan. Class 6C did not cast any votes.  Class 6B was the only Class to vote against the Plan.  However, as stated herein, Class 6B's objections to confirmation of the Plan have

been resolved pursuant to the Plan Supplement with Settlement Terms and Dispute Resolution Procedures (as defined therein).

16. The Court finds, determines, and concludes that, as set forth herein, the Plan complies with all applicable requirements of section 1129(a) and 1191(b), does not discriminate unfairly, and is fair and equitable, with respect to each Class of Claims and Interests that is impaired under, and has not accepted, the Plan, and is confirmed under section 1191(b).

17. Except to the extent that the holder of a particular Claim has agreed to a different treatment of such Claim, and except to the extent that such Claims have been previously paid pursuant to a prior order of this Court, the Plan provides, as required by section 1129(a)(9) of the Bankruptcy Code, for proper treatment of all Claims of a kind specified in section 507(a) of the Bankruptcy Code.

18. Per Section 1191(b) of the Bankruptcy Code, the Plan need not satisfy the requirements of sections 1129(a)(8), (10), or (15) of the Bankruptcy Code.

19. The Court finds that the Plan is feasible. Confirmation and consummation of the Plan is not likely to be followed by a subsequent liquidation, or the need for further financial reorganization, of the Debtor or any successor of the Debtor under the Plan. Accordingly, the Plan complies with section 1129(a)(11) of the Bankruptcy Code. The structure of the Plan and mechanisms for implementation of the Plan are reasonable and appropriate.

20. All fees payable to date under 28 U.S.C. § 1930 have been paid as required by section 1129(a)(12) of the Bankruptcy Code.

21. Sections 1129(a)(13)-(15) of the Bankruptcy Code do not apply to the Debtor or the Plan, and the Plan otherwise comports with section 1129(a)(16) of the Bankruptcy Code regarding transfer of property from Debtor to Reorganized Debtor or the Litigation Trust.

22. Without in any way limiting the scope of this Order or the Plan, and, except as otherwise provided in this Order or the Plan, this Order constitutes a discharge, injunction, and/or release as set forth below:

    A. **Discharge.** Except as otherwise expressly provided in the Plan or this Order, upon the completion of all payments and distributions due by the Debtor to Classes 1 through 6C under the Plan, this Order shall discharge, per section 1192 of the Bankruptcy Code, the Debtor and/or Reorganized Debtor of all existing security interests, liens, debts and Claims of any kind, nature, or description whatsoever against the Debtor and/or Reorganized Debtor or any of their assets or properties to the fullest extent permitted by sections 1141 and 1192 of the Bankruptcy Code; upon the completion of payments due by the Debtor and the Reorganized Debtor to Classes 1 through 6C under the Plan, all existing Claims and Liens against the Debtor and/or Reorganized Debtor shall be, and shall be deemed to be, discharged and released, and all holders of Claims shall be precluded from asserting against the Debtor, or any of its assets or properties, any other or further Claim based upon any act or omission, transaction, or other activity of any kind or nature that occurred prior to the Effective Date, whether or not such holder filed a proof of Claim.

        i. Except as otherwise expressly provided in the Plan, nothing shall be construed to be a discharge of, accord and satisfaction of, novation of, or release of any Claim that any creditor has asserted or may hereafter possess against any guarantor or other non-Debtor party to satisfy any Claim owed by the Debtor, and nothing herein shall prohibit any such creditor from (i) continuing to pursue / prosecute such claim(s) or cause(s) of action that it is currently pursuing or prosecuting, or (ii) asserting any claim(s) or cause of action(s) that it currently possesses and/or may possess in the future to satisfy any creditor's Claim(s) against any guarantor or non-Debtor party.

        ii. Confirmation of the Plan and the completion of the payments and distributions due by the Debtor and the Reorganized Debtor to Classes 1 through 6C thereunder shall be in complete satisfaction, discharge and release of all Claims and Liens of any nature whatsoever against the Debtor and/or the Reorganized Debtor or any of their assets or properties; and the Debtor and/or Reorganized Debtor shall be deemed discharged, and released from any and all Claims and Liens, including but not limited to demands and liabilities that arose before the Effective Date, and all debts of the kind specified in sections 502(g), 502(h), or 502(i) of the Bankruptcy Code that arose before the Effective Date, whether or not (a) a proof of Claim based upon such debt is filed or deemed filed under section 501 of the Bankruptcy Code, (b) a Claim based upon such debt is Allowed under section 502 of the Bankruptcy Code, or (c) the holder of a Claim based upon such debt has accepted the Plan. Except as provided herein, upon

      completion of all payments and distributions due by the Debtor and the Reorganized Debtor to Classes 1 through 6C under the Plan, the Confirmation Order shall be a judicial determination of discharge of all liabilities of the Debtor and/or Reorganized Debtor. Except as provided herein, pursuant to Section 524 of the Bankruptcy Code, the discharge provided herein shall void any judgment against the Debtor at any time obtained, to the extent it relates to a Claim or Lien discharged or released and operates as an injunction against the prosecution of any action against the Debtor, or their property, to the extent it relates to a Claim or Lien discharged or released. The discharge granted herein shall not discharge the Reorganized Debtor from its obligations under the Plan or the Liquidating Trustee from obligations under the Litigation Trust Agreement.

    iii. Upon the completion of the payments due by the Debtor and the Reorganized Debtor to Classes 1 through 6C under the Plan, the Debtor shall file a Notice of Plan Payments ("Notice of Plan Payments") with the Court and serve notice to all creditors within such Classes. If any creditor files and serves upon the Reorganized Debtor an Objection to the Notice of Plan Payments within 14 days that states that such creditor has not been paid per the Plan, the Court shall hold a hearing regarding the Debtor's discharge. In the absence of any timely Objection to the Notice of Plan Payments, the Debtor shall be deemed discharged to the full extent provided in this Order.

    B. **Lawsuits.** Except as set forth in the Plan and the Litigation Trust Agreement, all lawsuits, litigation, administrative, police, or regulatory actions, or other proceedings, judicial or administrative, in connection with the assertion of a Claim or Lien against the Debtor or property of the Debtor's estate are subject to the injunctions set forth in the Bankruptcy Code, the Plan, and this Confirmation Order. Such injunctions shall be with prejudice to the assertion of such Claim or Lien in any manner other than as prescribed by the Plan. All parties to any such action are hereby enjoined from taking any action in violation of the Bankruptcy Code or this Order. All lawsuits, litigation, administrative, police, or regulatory actions, or any other proceedings, judicial or administrative, in connection with the assertion of any Insider Claims by the Debtor shall become property of the Reorganized Debtor, subject to the injunctions provided under the Plan, until the Trust Vesting Date, at which time they shall be immediately assigned and transferred to the Litigation Trust to prosecute, settle, dismiss, release, or abandon as the Litigation Trustee sees fit, subject to the express terms of the Litigation Trust Agreement or this Order.

  23. No objections under 11 U.S.C. § 523(c) to Debtor's discharge were timely filed nor were there any requests for an extension of the deadline provided by Fed. R. Bankr. P. 4007.

Notwithstanding the preceding finding, any and all objections to discharge under 11 U.S.C. § 523 are hereby overruled and denied.

24. Except as otherwise set forth expressly herein or in the Plan, pursuant to the Plan and sections 105(a) and 1123(a)(5)(B) of the Bankruptcy Code, the transfer and vesting of property of the Debtor's estate (collectively, the "Estate Assets") to the Reorganized Debtor and the assignment or transfer thereof to the Litigation Trust is authorized and approved, and the Reorganized Debtor is authorized, empowered, and ordered to receive all rights, titles, and interests in and to the Estate Assets free and clear of all Liens, Claims, Interests, encumbrances, and charges of the creditors and holders of equity security Interests of the Debtor and in accordance with the terms and conditions of the Plan and to transfer all such rights and interests to the Litigation Trust as set forth in the Plan.

25. The Reorganized Debtor is authorized and empowered to take such actions and do all things and to incur all reasonable costs and expenses as may be necessary and required to implement and effectuate the Plan and the transfer to the Reorganized Debtor of the Estate Assets, including authority to issue, execute, deliver, file, and record, as appropriate, any instrument, or perform any act necessary to implement, effectuate, or consummate the Plan or this Order, and to perform such other acts and execute and deliver such other documents as are required by, consistent with and necessary or appropriate to implement, effectuate, or consummate the Plan and this Order and the transactions contemplated thereby and hereby, all without the requirement of further application to, or order of, the Court or further action by the Debtor or the Reorganized Debtor.

26. In accordance with sections 1141 and 1192 of the Bankruptcy Code, (i) the Plan and each of its provisions, (ii) all documents executed in connection with and pursuant to the terms

of the Plan, and (iii) this Order shall be binding upon the Debtor, upon each person or entity acquiring or receiving property under the Plan, upon each lessor or lessee of property to or from the Debtor, upon each holder of a Claim or Lien against, or equity security Interest in, the Debtor, whether or not the Claim, Lien, or Interest of such creditor or Interest holder is impaired under the Plan and whether or not such creditor or equity Interest holder has filed, or is deemed to have filed, a proof of Claim or equity Interest, and upon each party to the Reorganization Case, and irrespective of whether such provision of the Plan is specifically mentioned or otherwise referred to in this Order.

27. Pursuant to sections 1123(a) and 1142(a) of the Bankruptcy Code, the provisions of this Order, the Plan, and all other instruments and other documents executed and delivered pursuant to the Plan shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law, rule, or regulation relating to financial condition. The Debtor and the Reorganized Debtor shall have the right, to the full extent permitted by section 1142 of the Bankruptcy Code, to apply to this Court for an order, notwithstanding any otherwise applicable non-bankruptcy law, rule, or regulation relating to financial condition, directing any appropriate entity to execute and deliver any instrument or perform any other act necessary to implement the Plan or the provisions of this Order.

28. The Plan's assumption of all unexpired leases and executory Contracts, including, without limitation, all construction jobs and guaranty obligations (collectively, the "<u>Assumed Contracts</u>"), is approved pursuant to section 365 of the Bankruptcy Code and is done with proper exercise of the Debtor's business judgment and is in the best interests of the Estate. Confirmation of the Plan by this Order shall be deemed (i) adequate assurance of prompt cure of any default under such Assumed Contracts solely based upon the Reorganized Debtor's obligations in the Plan to make

the Cure Payments, if any, and (ii) adequate assurance of future performance under such Assumed Contracts.

29. The Reorganized Debtor is fully authorized to continue to perform on all the Assumed Contracts and, following the Confirmation Date, the Reorganized Debtor is authorized to continue paying all vendors and employees, in full, in the ordinary course of business. The Reorganized Debtor is not restricted in any manner by the Bankruptcy Court from applying for and obtaining sureties, providing deposits, or pledging any other collateral for any new obligations. The Reorganized Debtor no longer needs any approval from the Bankruptcy Court to apply for or to receive loans or incur new obligations, pledge assets as security for any new obligations, use cash collateral, or retain or compensate professionals for post-Effective Date work or services.

30. Per the Settlement Terms and Dispute Resolution Procedures, the Debtor shall pay all Allowed Class 6A General Unsecured Claims of non-insider Claim holders in full if such Claim holders are owed no more than $10,000 on their Allowed Class 6A Claim and the aggregate amount of all such payments is no more than $100,000; provided, however, that no insider Claims or Claims above $10,000 may be paid under this paragraph and no Claims may be paid under this paragraph that have already been paid by the Debtor.

31. The Debtor's rejection of executory Contracts listed for rejection within the Plan, if any, is approved pursuant to section 365 of the Bankruptcy Code and is done with proper exercise of the Debtor's business judgment and is in the best interests of the estates. Any Claims arising out of the rejection of executory Contracts under the Plan must be filed with the Court and served upon the Debtor no later than thirty (30) days after the Effective Date; provided, however, that this provision shall not serve to extend any deadline previously established by the Bankruptcy Court for filing Claims arising from rejection of an executory Contract or other Claim. Any Claims

not filed within such time shall be and are forever barred and will not receive any distributions under the Plan. Claims arising from the rejection of an executory Contract shall be treated, to the extent Allowed, as Class 6A General Unsecured Claims.

32.     The Debtor is hereby authorized to renew or issue new equity interests in the Reorganized Debtor as may be reasonably required to effectuate the Plan, as a proper exercise of the Debtor's business judgment.

33.     All requests for payment of Administrative Claims incurred prior to the Effective Date, other than those Administrative Claims incurred by the Debtor in the ordinary course of business, shall be filed with the Bankruptcy Court and served upon the Reorganized Debtor and other notice parties within thirty (30) days following the Effective Date or by such earlier deadline as may apply to such Administrative Claim pursuant to an earlier order of the Court, if any.  All requests for Professional Fee Claims shall be filed with the Bankruptcy Court and served upon the Reorganized Debtor and other notice parties within sixty (60) days following the Effective Date. Except as provided herein or in the Plan, any Administrative Claim or Professional Fee Claim for which an application or request for payment is required under the Plan or this Order but not filed within such time periods stated above shall be discharged and forever barred. The deadlines under this paragraph do not apply to the Administrative Claims of any Governmental Units or claims for contributions and other expenses permitted under the Litigation Trust Agreement.

34.     Pursuant to Bankruptcy Rule 9019, sections 105(a), 363, and 1123(b)(3) of the Bankruptcy Code, (i) the Settlement Terms and Dispute Resolution Procedures and (ii) Litigation Trust Agreement attached to and incorporated into the Plan are approved in their entirety subject to the following clarifications and corrections: (a) Section A.3 is replaced with the following: "The amount of the disposable income to be paid under the Plan will be determined in accordance with

the Dispute Resolution Procedures stated below; the Debtor's payment obligations will be finalized upon Plan confirmation with disposable income paid or escrowed as provided in the Plan and subject to adjustments, modifications, and disgorgement as agreed by the parties pursuant to a settlement agreement (Section B.7) or as determined by the Bankruptcy Court (Section B.8)"; and the second sentence of Section B.5 of the Settlement Terms and Dispute Resolution Procedures is replaced with the following text: "The Mediation Period shall be automatically extended in 30-day increments unless a party thereto emails the mediator and all other parties an objection to such extension at least 5 days prior to such extension." Both were provided in consideration for the classification, distribution, and other benefits provided by Plan and the settlement of the CA Tort Plaintiffs' objections to the Plan and, notwithstanding anything in the Plan stating or implying to the contrary, excepting only those Claims and Causes of Action discharged, released, or exculpated under the Plan, all Litigation Claims (as defined in the Plan) are hereby preserved with the Reorganized Debtor until the Trust Vesting Date, on which date they shall be automatically assigned and transferred to the Litigation Trust created by the Litigation Trust Agreement for the preservation, prosecution, settlement, release, or abandonment as the Litigation Trustee deems appropriate in conformance with the Bankruptcy Code, the Litigation Trust Agreement, and this Order.

35. Pursuant to the Plan Supplement and Litigation Trust Agreement, the CA Plaintiffs will designate a litigation trustee (hereinafter, the "<u>Litigation Trustee</u>") for the Litigation Trust, effective as of the Trust Vesting Date. Subject to the terms of the Litigation Trust Agreement, the Litigation Trustee has the sole and exclusive right and discretion to prosecute, settle, release, or abandon any Litigation Claims, including Insider Claims and Retained Causes of Action, as the Litigation Trustee deems appropriate, and all Net Litigation Recoveries therefrom shall be the

property of the Litigation Trust for distribution in accordance with the Plan and the Litigation Trust Agreement. With respect to the Litigation Claims, the Litigation Trustee is the representative of the Estate pursuant to sections 1123(a)(5)(B) and 1123(b)(3)(B) of the Bankruptcy Code. Subject to the terms of the Litigation Trust Agreement, the Litigation Trust shall terminate on the earlier of (i) the distribution of all Trust Property, or (ii) the date on which the Litigation Trustee determines, in his or her sole discretion, that the purposes of the Trust have been substantially completed.

36. Article IV of the Plan appropriately provides for the preservation by the Debtor of the Litigation Claims for the Litigation Trust in accordance with section 1123(b)(3)(B) of the Bankruptcy Code. The Litigation Claims will be preserved, transferred to, and will vest in the Reorganized Debtor to then be assigned or transferred to the Litigation Trust on the Trust Vesting Date in accordance with section 1123(b), 1141 and 1191 of the Bankruptcy Code, as provided by the Plan. The Plan sufficiently specifies the Litigation Claims to be preserved and retained by the Reorganized Debtor and assigned to the Litigation Trust and complies with the standards set forth in *Dynasty Oil & Gas, LLC v. Citizens Bank (In re United Op., LLC)*, 540 F.3d 351, 355 (5th Cir. 2008) and its progeny. All parties in interest received adequate notice with respect to the preservation and transfer of such Retained Causes of Action and the Litigation Claims. The provisions in the Plan regarding the preservation of the Litigation Claims and assignment to the Litigation Trust are appropriate and in the best interests of the Debtor, the Estate, and holders of Claims and Interests. For the avoidance of doubt, any Causes of Action expressly discharged, released, or exculpated under the Plan will not be preserved and transferred to the Litigation Trust.

37. Pursuant to the terms of the Litigation Trust Agreement, on the Trust Vesting Date or as soon as practicable thereafter, the Reorganized Debtor shall transfer $100,000.00 to the

Litigation Trust as the sole cash contribution to the Trust. The Reorganized Debtor shall have no further obligations to fund the Litigation Trust or the Litigation Trustee's activities in any respect.

38. The transfer of the Transferred Insurance Rights in accordance with the Plan is authorized and enforceable under the Bankruptcy Code notwithstanding any state law or contractual provision; the Allowed amount of any CA Plaintiff Claim is legally enforceable against the Litigation Trust; provided that, for the avoidance of doubt (i) the amount of any installment payments, initial payments, or payments based on percentages established under the Litigation Trust Agreement, as determined or as actually paid by the Litigation Trust, are not the equivalent of the Allowed amount of any CA Plaintiff Claim, and (ii) nothing herein determines an insurer's present obligation to pay the amount determined to be the CA Plaintiff Claim.

39. Except as provided for (i) in the Plan regarding the Transferred Insurance Rights, or (ii) by applicable law (which, for the avoidance of doubt, includes the Bankruptcy Code), nothing in the Plan or the Plan Supplement (including, without limitation, any provision that purports to be preemptory or supervening) shall in any way impair, alter, supplement, change, expand, decrease, or modify the obligations of any insurers, any third-party administrators, or the Debtor (or, on and after the Effective Date, the Reorganized Debtor and the Litigation Trust) arising out or, under, or relating to the Litigation Trust Insurance Policies, the Non-Litigation Trust Insurance Policies, the D&O Liability Insurance Policies, and the Other Insurance Proceeds Pool. Nothing in the Plan, Plan Supplement, or the Order shall operate to require any insurer or third-party administration to pay the liability of any person that was not an insured thereunder before the Effective Date for any liability that arose before the Effective Date.

40. The assessments and opinions of the Debtor set forth in any disclosure statement, including any statements regarding the value or merits of any Retained Cause of Action or the

applicability of any defense thereto, do not and shall not impair, limit, estop, prejudice or prevent the assertion or prosecution of any Retained Cause of Action by the Litigation Trust.  As of the Trust Vesting Date, the Litigation Trust, and not the Reorganized Debtor, shall be responsible for making distributions of Net Litigation Recoveries on the Litigation Claims, as provided for under the Litigation Trust Agreement.  Other than the Litigation Claims which shall be pursued or settled by the Litigation Trust, the Reorganized Debtor shall retain and may demand, enforce, and litigate any and all postpetition Claims, rights, and causes of action that the Debtor or its Estate may hold against any person or entity, including, without limitation, (i) any and all Claims, rights, or causes of action arising under any provisions of state or federal law, or any other statute or legal theory, and (ii) any and all Claims arising by statute or at law or equity against any current or former officer, director, shareholder, agent, Representative, or employee of the Debtor.  Unless expressly stated otherwise herein, no Claims or Causes of Action of the Debtor against any person or entity shall be discharged, released, or compromised pursuant to the Plan or this Order or any other instruments and documents executed and delivered pursuant to the Plan.

41. Except for those obligations of the Litigation Trust set forth herein, all other obligations of the Debtor under the Plan to holders of Claims shall be the obligations of the Reorganized Debtor.  The Reorganized Debtor and the Litigation Trust shall be liable to make all payments required of each, respectively, and are authorized to take all actions, required or contemplated by the Plan or this Order.

42. The Debtor and CA Tort Plaintiffs have consented to be and are hereby bound by any discovery-related decisions of the Mediator made during the Dispute Resolution Procedures.  However, any such rulings shall be without prejudice to any person's or entity's rights under any federal or state law regarding any discovery issued by the Litigation Trustee that is not

duplicative of discovery issued within the Dispute Resolution Procedures. This Court and other courts of competent jurisdiction may determine any discovery disputes that arise outside of or following the termination of the Dispute Resolution Procedures.

43. Subject to the foregoing paragraph, nothing in the Dispute Resolution Procedures shall prejudice any rights of any party in interest to seek relief from the Bankruptcy Court regarding any provision therein, any other parts of the Plan, or this Order, and this Court retains full jurisdiction to enforce the Settlement Terms and Dispute Resolution Procedures or any alleged violation thereof.

44. After the Confirmation Date, the Debtor or the Reorganized Debtor, as the case may be, may, subject to Court approval and so long as it does not materially or adversely affect the rights set forth in the Plan of creditors and other parties-in-interest, amend or modify the Plan and related documents to remedy any defect, omission, or reconcile any inconsistencies in such documents or in this Order, in such manner that may be necessary to carry out the purposes and intent of the Plan and the Settlement Terms.

45. This Order shall be effective according to its terms upon the entry hereof. This Order is a final order immediately subject to appeal.

46. The provisions of Rules 4001(a)(3), 6004(h), 6006(d), and 7062 of the Federal Rules of Bankruptcy Procedure, to the extent they might apply to stay any action authorized or directed by this Order, and any other rule that would otherwise stay the implementation or effectiveness of this Order and/or any related judgment are hereby deemed inapplicable or waived so that implementation and funding of the Plan and payment to creditors may commence immediately upon entry of this Order.

47. Except as specified herein, this Court retains full jurisdiction of this Bankruptcy Case until entry of a Final Decree, at which time the Court shall retain jurisdiction over this Bankruptcy Case as permitted by law and the Plan.

48. In the event and to the extent that any provision of this Order conflicts with any provision of the Plan, the provisions of this Order shall control.

49. To the extent any objection of any creditor or party in interest to the Plan or confirmation thereof has not been mooted, settled, or otherwise resolved it is overruled.

50. Pursuant to Bankruptcy Rule 3020(c), the Debtor shall, within two (2) business days after the entry of this Order, serve notice of the entry of this Order as provided in Bankruptcy Rule 2002(f) to all persons and entities required in Rules 2002 and 3020(c)(2) of the Federal Rules of Bankruptcy Procedure.

51. The Reorganized Debtor shall file and serve on all parties set forth in the foregoing paragraph a Notice of Effective Date, with deadlines for filing and serving rejection claims and administrative claims clearly indicated, no later than two (2) Business Days after the occurrence of the Effective Date.

Signed on 05/24/2024

_Brenda T. Rhoades_   SD
HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE

**AGREED AS TO FORM AND SUBSTANCE:**

 /s/  Mark A. Castillo
Mark A. Castillo
  Texas State Bar No. 24027795
Robert C. Rowe
  Texas State Bar No. 24086253
Carrington, Coleman, Sloman &
Blumenthal L.L.P.
901 Main Street, Suite 5500
Dallas, TX  75202
Telephone:  214-855-3000
Email: markcastillo@ccsb.com
          rrowe@ccsb.com

*Counsel for Debtor-in-Possession*


 /s/  Joseph M. Welch                                   /s/  David D. Ritter
Joseph M. Welch (TX Bar No. 24135531)    David D. Ritter
Blank Rome LLP                                            State Bar No.: 00791534
4 Park Plaza, Suite                                           15455 Dallas Parkway, Suite 600
450 Irvine, CA  92614                                      Addison, TX  75001
Telephone: (949) 812-6000                              Tel.: (214) 295-5078
Facsimile: (949) 812-6001                                Fax: (214) 329-4362
E-mail: joseph.welch@BlankRome.com      dritter@ritterspencercheng.com

B. Nelson Sproat (pro hac vice)                       *Counsel to Shyene Hamilton, Joyce Sanders,*
One Logan Square                                            *Gloria Lenard, and Donald White*
Philadelphia, PA  19103
Telephone: (215) 569-5500
Facsimile: (215) 569-5555
E-mail: nelson.sproat@BlankRome.com

Josh Osborne (TX Bar No. 24065856)
Bonds, Ellis, Eppich, Shafer & Jones LLP
420 Throckmorton Street, Suite 1000
Fort Worth, TX  76102
(817) 405-6900 Telephone
(817) 405-6902 Facsimile

*Counsel to Jeremy Thomsen, Jasen Thomsen,*
*Brandon Crowell, Brian Crowell,*
*Miguel Julian Medina, Maria Lourdes Diaz*
*Medina, Michael Andrew Medina-Jimenez,*
*Kerry Lynn Gomez, Colleen V. Wallen, and*
*Heliodoro Garcia*